

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

September 14, 1959

Honorable Robert S. Calvert      Opinion No. WW-700
Comptroller of Public Accounts
Capitol Station               Re: Applicability of Texas
Austin, Texas                  Stock Transfer Tax im-
                                   posed by Article 7047m,
                                   V.C.S., to certain
Dear Mr. Calvert:             stock transactions.

You have requested our opinion regarding the applicability of the Texas Stock Transfer Tax to the following transaction:

"Customer A, residing in Dallas, Texas, places an order with a member of the New York Stock Exchange, for 100 shares Texas Utilities Company Capital Stock (a Texas corporation). The order is duly executed on the New York Stock Exchange in New York. Payment is made by Customer A to the NYSE member in Dallas and the stock is registered in the name of Customer A who is a resident of Texas and it is delivered to him. Is Texas Tax due or is it not?

"Would the ruling be the same if the NYSE member was domiciled in Texas? Would the ruling be the same if the NYSE member was a branch office (in Texas) of an out-of-state firm?"

Article 7047m imposes a tax upon all sales, agreements to sell and all deliveries or transfers involving a change of title, either legal or equitable, to shares, certificates of stock, certificates for rights to stock or certificates of deposit representing certificates or interests therein in any domestic or foreign association, company, corporation or trustee-conducted business. The act, of course, has no extra-territorial effect. Attorney General's Opinion No. O-3713 points out that the tax accrues if (1) the contract of sale is made in Texas or (2) if it is executed in Texas or (3) if delivery of the enumerated shares or certificates is made within the State.

Whether or not the tax accrues under the fact situation described depends on the position occupied by the New York Stock Exchange member. Under the ordinary New York

Stock Exchange rule, sales of stock are required to be made
on the floor of the Exchange; execution of the sale and
delivery of the shares is likewise required to be made in
New York by and between representatives of the seller's
broker and the purchaser's broker. In such cases, it is
apparent that the N.Y.S.E. member acts as broker or agent
for the purchaser; consequently, none of the incidents
described in the above referred to opinion occur in the
State of Texas and the tax does not accrue.

In certain instances N.Y.S.E. members are permit-
ted to make sales of a listed stock off the floor of the
Exchange. In such situations the member may not be acting
as a broker, but as a dealer for its own account. Conse-
quently, you are advised that if the N.Y.S.E. member in the
instant fact situation purchased the stock for its own
account and re-sold it to Customer A, the transaction is
taxable, since the sale and delivery occurred in Texas. In
this connection, it makes no difference whether the N.Y.
S.E. is domiciled in Texas or is a branch office of an out-
of-state firm.

You have also asked us whether or not we agree
with the conclusions drawn in a brief submitted with your
request. From the foregoing discussion it is apparent
that we agree with that portion of the brief dealing with
New York Stock Exchange transactions. The brief also sets
forth the following transaction:

". . .For example, A, a resident of Beaumont,
Texas, might personally present to your Texas
Transfer Agent for record transfer a certifi-
cate issued to B with a record post office
address of Beaumont, Texas, duly endorsed by
B with his signature guaranteed by a Beaumont
bank. The probability would appear to be that
a gift or sale occurred between A and B, with-
out the intervention of a broker, in Beaumont,
Texas which would require payment of a tax.
If in fact no sale, agreement to sell or memo-
randum of sale between the parties was made in
Texas but A and B had met in California, for
example, where they had agreed upon the trade
and delivery of endorsed certificate had been
made, then no tax would accrue although the
transferee brought the endorsed certificate
back to Texas with him and presented it to a
Texas transfer agent to transfer the stock
into his own name. Conversely, your New York
transfer agent might receive by mail from the

State of Washington, for example, a certificate issued to X with recorded mailing address of Washington state with request to make transfer to Y with a recorded Washington state address in which case all the probabilities would appear to be that the transfer resulted from a gift or sale consumated in Washington state free from the tax.  The true fact might have been that X and Y met in Texas where they agreed upon a purchase and sale of the shares and delivery of the certificate was made, resulting in a taxable transaction."

These conclusions are based upon and involve application of the principles set forth above, and are also correctly drawn.

A complete discussion of the principles set forth herein is found in Attorney General's Opinion No. O-3713. Based on this opinion, Opinion No. O-3594 discusses the taxability of several different types of transactions. These opinions are submitted herewith for your consideration. It should be noted that these opinions have been qualified by Attorney General's Opinion No. WW-58 a copy of which is also attached hereto.

## SUMMARY

The taxability of a transaction between a resident of Dallas and a New York Stock Exchange member in Dallas, whereby the Dallas resident purchases stock in a Texas corporation, depends on the position occupied by the N.Y.S.E. member.  If the member acts as broker or agent for the purchaser, then under New York Stock Exchange rules, the agreement to sell, the sale, and delivery of the shares is made by and between representatives of the seller and the purchaser in the state of New York; consequently, no tax accrues.  However, if the N.Y.S.E. member purchases the stock for its own account, and then sells it to the Dallas resident, the transaction is taxable, since the sale and delivery to the

resident are made within the State of Texas.

Very truly yours,

WILL WILSON
Attorney General

By _____
Jack N. Price
Assistant

JNP:bct

APPROVED:

OPINION COMMITTEE:
Geo. P. Blackburn, Chairman

William E. Allen
C. Dean Davis
Jay D. Howell
B. H. Timmins, Jr.

REVIEWED FOR THE ATTORNEY GENERAL

By:  W. V. Geppert